***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 23, 2022, affirmed February 1, 2023

In the Matter of J. E. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. D. R.,
*Appellant.*

Jackson County Circuit Court
21JU04018; A179004 (Control)

In the Matter of F. A. R,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. D. R.,
*Appellant.*

Jackson County Circuit Court
21JU04019; A179005

Timothy C. Gerking, Judge.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Kamins, Judge, and Hadlock, Judge pro tempore.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Father appeals a judgment terminating his parental rights to two of his children, raising six assignments of error. The first two assignments of error challenge the juvenile court's finding that it is in the best interests of the children that his parental rights be terminated. ORS 419B.500. The third and fourth assignments of error contend that the juvenile court erred when it found under ORS 419B.504 that father is unfit due to conduct or conditions that are unlikely to change. The fifth and sixth assignments of error argue that the juvenile court erred when it found that father had neglected his children pursuant to ORS 419B.506. We affirm.

Termination is proper if the court finds, by clear and convincing evidence, that there is a statutory ground for termination and termination is in the best interest of the child. *See State ex rel Dept. of Human Services v. Simmons*, 342 Or 76, 95, 149 P3d 1124 (2006) (so stating). Exercising *de novo* review, ORS 19.415(3)(a), and having considered the entirety of the evidentiary record, we conclude, as did the juvenile court, that there is clear and convincing evidence that father is unfit "by reason of conduct or condition seriously detrimental to the child[ren]" and that the children cannot be reintegrated into father's home "within a reasonable time due to conduct or conditions not likely to change." ORS 419B.504. Father's failure to acknowledge and address his ongoing substance abuse and mental health issues provides clear and convincing evidence that the children cannot be returned within a reasonable time.

Because we conclude that the record establishes that father is unfit, we do not address the juvenile court's finding of neglect, the subject of father's fifth and sixth assignments of error. *See Dept. of Human Services v. B. J. B.*, 242 Or App 534, 536, 256 P3d 167 (2011) (if the state proves by clear and convincing evidence one of the allegations in the petition for termination, the court need not address the other allegations).

Turning to the best-interests inquiry, we recognize that "even when a parent is unfit and reunification within a reasonable time is improbable, it may not be in a child's

best interest to terminate parental rights." *Dept. of Human Services v. T. M. D.*, 365 Or 143, 158, 442 P3d 1100 (2019). This court recently identified "several considerations that inform whether terminating a child's legal relationship with a parent is in the child's best interest." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022). "Those include (1) the strength of the bond between the parent and child; (2) whether severing that bond will help or harm the child; (3) the benefits to the child of terminating parental rights; and (4) the risk of harm to the child posed by termination." *Id*.

Again, exercising *de novo* review, and having considered the entirety of the evidentiary record, we conclude that there is clear and convincing evidence that termination is in the best interests of both children. The evidence demonstrates that the children do not have a strong bond with their father. That lack of bond, the evidence presented of the children's particular needs and trauma, as well as father's unwillingness to acknowledge the safety threats to the children, convince us that the benefits to the children of ending the legal relationship with father outweigh the risk of harm posed to the children by severing that legal relationship. *See Dept. of Human Services v. N. H.*, 322 Or App 507, 520, 520 P3d 424 (2022) ("Ultimately, to conclude that termination is in a child's best interest, we must be able to conclude that the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." (Internal quotation marks omitted.)).

Affirmed.