*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted on June 28, affirmed July 19, petition for review denied October 19, 2023 (371 Or 509)

In the Matter of A. S. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*
A. S. G.,
*Respondent,*
*v.*
S. M. G.
*Appellant.*

Clatsop County Circuit Court
21JU04670; A179557

Beau V. Peterson, Judge.

Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Ginger Fitch and Youth, Rights & Justice filed the brief for respondent child.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent Dept. of Human Services.

Before Egan, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Mother appeals a judgment terminating her parental rights to one child, A. The juvenile court terminated mother's parental rights to A upon finding that mother was unfit on the following grounds, among others:

"a)  Addictive or habitual use of intoxicating liquors, cannabis or controlled substances to the extent that parental ability has been substantially impaired.

"b)  Lack of effort or failure to obtain and maintain a suitable or stable living situation for the child so that return of the child to the parent is possible.

"* * * * *

"f)  Lack of effort to adjust the parent's circumstances, conduct or conditions to make return of the child to the parent possible.

"g)  Failure to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected."

On appeal, mother contends that the juvenile court erred when it found that she was unfit on any basis. We affirm.

We review *de novo* the decision to terminate mother's parental rights. ORS 19.415(3)(a). Pursuant to ORS 419B.504, termination is proper if the court finds, by clear and convincing evidence, that:

"'[T]he parent or parents are unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change.'"

*Dept. of Human Services v. K. M. M.*, 260 Or App 34, 44, 316 P3d 379 (2013), *rev den*, 354 Or 837 (2014). That statute poses a two-part test for assessing whether a parent is unfit. *State ex rel SOSCF v. Stillman*, 333 Or 135, 145, 36 P3d 490 (2001). The two-part inquiry is: (1) whether mother "has engaged in some conduct or is characterized by some condition"; and (2) whether "the conduct or condition is 'seriously detrimental' to the child." *Id.* When seeking termination

under ORS 419B.504, the Department of Human Services (DHS), has the burden of proving, by clear and convincing evidence, that mother is unfit. *Dept. of Human Services v. C. L. C.*, 247 Or App 445, 461, 268 P3d 808 (2011). Whether or not a parent is fit is measured at the time of the termination proceeding. *State ex rel Dept. of Human Services v. C. R.*, 340 Or 436, 448-49, 134 P3d 940 (2006). We consider all proven conduct or conditions in combination when evaluating a parent's unfitness. *Dept. of Human Services v. C. M. K.*, 270 Or App 1, 18, 346 P3d 1254, *rev den*, 357 Or 324, *cert den*, 577 US 944 (2015).

Having considered the entirety of the evidentiary record, we conclude, as did the juvenile court, that there is clear and convincing evidence that mother is unfit on the grounds (a), (b), (f), and (g), identified above. Despite mother's recent efforts, she has made insufficient progress in addressing her ongoing substance abuse issues. Furthermore, the record demonstrates that mother has no plan for A's reintegration into her care, and persuades us that, despite reasonable efforts by DHS, mother has made no progress toward securing a safe, stable living situation for A.

Because we conclude that the record establishes that mother is unfit on the above grounds, we need not and do not address other grounds for termination found by the juvenile court. *Dept. of Human Services v. B. J. B.*, 242 Or App 534, 536, 256 P3d 167 (2011).

Affirmed.