***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted July 24, affirmed September 7, 2023

In the Matter of A. S. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

A. S. G.,
*Respondent,*

*v.*

E. B. H.,
*Appellant.*

Clatsop County Circuit Court
21JU04671; A179555

Beau V. Peterson, Judge.

Kristen G. Williams filed the brief for appellant.

Ginger Fitch filed the brief for respondent child.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and Armstrong, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Father appeals a judgment terminating his parental rights to one child, A. The juvenile court terminated father's parental rights to A upon finding that father was unfit on the following grounds, among others:

"a) Addictive or habitual use of intoxicating liquors, cannabis or controlled substances to the extent that parental ability has been substantially impaired.

"b) Lack of effort or failure to obtain and maintain a suitable or stable living situation for the child so that return of the child to the parent is possible.

"* * * * *

"f) Lack of effort to adjust the parent's circumstances, conduct or conditions to make return of the child to the parent possible.

"g) Failure to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected."

On appeal, father contends that the juvenile court erred when it found that he was unfit on any basis. He also contends that the juvenile court erred in concluding that termination was in the best interest of A. *See Dept. of Human Services v. K. M. M.*, 260 Or App 34, 44-45, 316 P3d 379 (2013) (describing requirements for termination of parental rights where a parent is unable or unwilling to rehabilitate himself or herself within a reasonable time). We affirm.[1]

We review *de novo* the decision to terminate father's parental rights. ORS 19.415(3)(a).

As for the juvenile court's determination of unfitness, termination is proper if the court finds, by clear and convincing evidence, that

"[t]he parent or parents are unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent

---

[1] We recently affirmed the judgment terminating mother's parental rights for similar reasons. *See Dept. of Human Services v. S. M. G.*, 327 Or App 170 (2023) (nonprecedential memorandum opinion).

or parents is improbable within a reasonable time due to conduct or conditions not likely to change."

ORS 419B.504; *see also K. M. M.*, 260 Or App at 44. That statute poses a two-part test for assessing whether a parent is unfit. *State ex rel SOSCF v. Stillman*, 333 Or 135, 145, 36 P3d 490 (2001). The two-part inquiry is: (1) whether the parent "has engaged in some conduct or is characterized by some condition"; and (2) whether "the conduct or condition is 'seriously detrimental' to the child." *Id.* When seeking termination under ORS 419B.504, the Department of Human Services (DHS), has the burden of proving, by clear and convincing evidence, that the parent is unfit. *Dept. of Human Services v. C. L. C.*, 247 Or App 445, 461, 268 P3d 808 (2011). Whether or not a parent is fit is measured at the time of trial. *Id.* We consider all proven conduct or conditions in combination when evaluating a parent's unfitness. *Dept. of Human Services v. C. M. K.,* 270 Or App 1, 18, 346 P3d 1254, *rev den*, 357 Or 324, *cert den sub nom A.M.G. v. Or. Dep't of Human Servs.*, 577 US 944 (2015).

Having considered the entirety of the record, we conclude, as did the juvenile court, that there is clear and convincing evidence that father is unfit on grounds (a), (b), (f), and (g), as identified above. Despite father's recent efforts, he has made insufficient progress in addressing his ongoing substance abuse issues. Furthermore, the record demonstrates and establishes that father has no plan for A's reintegration into his care. Additionally, the record further persuades us that, despite reasonable efforts by DHS, father has made no progress toward securing a safe, stable living situation for A. Because we conclude that the record establishes that father is unfit on the above grounds, we need not and do not address other grounds for termination found by the juvenile court. *Dept. of Human Services v. B. J. B.*, 242 Or App 534, 537, 256 P3d 167 (2011).

As for whether termination is in A's best interest, having considered the record, we are persuaded, by clear and convincing evidence, that termination is in A's best interest, in view of A's particular circumstances; that is, we are persuaded "that the benefits to [A] of ending [her] legal relationship with [father] outweigh the risk of harm posed to

[A] by severing that relationship." *Dept. of Human Services v. L. M. B.,* 321 Or App 50, 53, 515 P3d 957 (2022).

Affirmed.