436 October 22, 2025 No. 925

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. D. V.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

J. D. V.,
*Respondent,*

*v.*

S. L. D.,
*Appellant.*

Clackamas County Circuit Court
23JU05020; A186116 (Control)

In the Matter of E. D. V.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

E. D. V.,
*Respondent,*

*v.*

S. L. D.,
*Appellant.*

Clackamas County Circuit Court
23JU5021; A186117

In the Matter of M. J. D.-V.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

M. J. D.-V.,
*Respondent,*

*v.*

S. L. D.,
*Appellant.*

Clackamas County Circuit Court
23JU05175; A186118

Michael C. Wetzel, Judge.

Submitted July 28, 2025.

Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Christa Obold Eshleman filed the brief for respondent children.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Mother appeals judgments terminating her parental rights to her three children, M (age 14), J (age 11), and E (age 8). She assigns error to the juvenile court's rulings that she was unfit under ORS 419B.504 and that she neglected the children under ORS 419B.506. As explained below, we affirm.

"We review the record in a termination of parental rights proceeding *de novo*, ORS 19.415(3)(a), and determine anew whether to terminate parental rights." *Dept. of Human Services v. J. M.-A.*, 333 Or App 334, 336, 554 P3d 263 (2024).

The court may terminate a parent's parental rights based on unfitness, ORS 419B.504, if it determines "by clear and convincing evidence that the parent is unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change." *Dept. of Human Services v. C. M. K.*, 270 Or App 1, 16, 346 P3d 1254, *rev den*, 357 Or 324 (2015) (internal quotation marks omitted); ORS 419B.521(1) ("The facts on the basis of which the rights of the parents are terminated, unless admitted, must be established by clear and convincing evidence \*\*\*.").

Courts engage in a two-step analysis to determine whether a parent is unfit. First, the court must determine whether "the parent has engaged in some conduct or is characterized by some condition" and whether that "conduct or condition is 'seriously detrimental' to the child." *State ex rel SOSCF v. Stillman*, 333 Or 135, 145, 36 P3d 490 (2001). At the second step, the court must determine whether "integration of the child into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change." *Id.* Both the "serious detriment" and "reasonable time" inquiries are "child-specific" and require evidence "in psychological and developmental terms" regarding the particular child's needs. *Dept. of Human Services v. T. M. M.*, 248 Or App 352, 367, 273 P3d 322, *rev den*, 352 Or 170 (2012); *Dept. of Human Services v.*

*A. L. M.*, 242 Or App 625, 635, 259 P3d 17, *rev den*, 350 Or 716 (2011) (internal quotation marks omitted). Moreover, "a parent's fitness must be measured at the time of the parental rights termination trial." *State ex rel Dept. of Human Services v. Simmons*, 342 Or 76, 96, 149 P3d 1124 (2006) (emphasis omitted).

Having reviewed the record and made our own findings *de novo*, we conclude that mother was unfit under ORS 419B.504 at the time of the termination trial. Mother's mental health and related behavior worsened over the course of the dependency case, despite her participation in services, and her condition and conduct is seriously detrimental to all three children, particularly in light of their substantial needs related to their own physical, mental, and behavioral health. Further, mother's mental health and behavior is unlikely to change within a time that is reasonable for any of the children.

Given our conclusion on unfitness, we need not reach mother's assignments of error regarding neglect. *Dept. of Human Services v. B. J. B.*, 242 Or App 534, 536, 256 P3d 167 (2011).

Affirmed.