No. 989 November 19, 2025 71

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. R. B. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. F. S., Jr.,
*Appellant.*

Jackson County Circuit Court
24JU03072; A187034

David J. Orr, Judge.

Submitted August 28, 2025.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Jacquot, Judge, and O'Connor, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Father appeals a judgment terminating his parental rights to his child N, who was three and a half years old at the time of the termination of parental rights trial. He assigns error to the juvenile court's rulings that he engaged in extreme conduct under ORS 419B.502; that he is unfit under ORS 419B.504; that he neglected N under ORS 419B.506; and that terminating his parental rights is in N's best interests. We affirm.

"We review the record in proceedings for termination of parental rights *de novo*, ORS 19.415(3)(a), and determine anew whether to terminate parental rights." *Dept. of Human Services v. J. M.-A.*, 333 Or App 334, 336, 554 P3d 263 (2024).

A juvenile court may terminate a parent's parental rights based on unfitness, ORS 419B.504, if it determines "by clear and convincing evidence that the parent is 'unfit by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change.'" *Dept. of Human Services v. C. M. K.*, 270 Or App 1, 16, 346 P3d 1254, *rev den*, 357 Or 324 (2015) (internal quotation marks omitted); ORS 419B.521(1) ("The facts on the basis of which the rights of the parents are terminated, unless admitted, must be established by clear and convincing evidence ***.").

Courts engage in a two-step analysis to determine whether a parent is unfit. First, the court must determine whether "the parent has engaged in some conduct or is characterized by some condition" and whether that "conduct or condition is 'seriously detrimental' to the child." *State ex rel SOSCF v. Stillman*, 333 Or 135, 145, 36 P3d 490 (2001). At the second step, the court must determine whether "integration of the child into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change." *Id.* Both the "serious detriment" and "reasonable time" inquiries are "child-specific" and require evidence "in psychological and developmental

terms" regarding the particular child's needs. *Dept. of Human Services v. T. M. M.*, 248 Or App 352, 367, 273 P3d 322, *rev den*, 352 Or 170 (2012); *Dept. of Human Services v. A. L. M. / J. T. C.*, 242 Or App 625, 635, 259 P3d 17, *rev den*, 350 Or 716 (2011) (internal quotation marks omitted). Moreover, "a parent's fitness must be measured *at the time of the parental rights termination trial.*" *State ex rel Dept. of Human Services v. Simmons*, 342 Or 76, 96, 149 P3d 1124 (2006) (emphasis in original).

Should the court conclude that the parent is unfit under ORS 419B.504, it may terminate the parent's parental rights only if it further concludes that clear and convincing evidence also establishes that termination is in the particular child's best interests. ORS 419B.500; *Dept. of Human Services v. D. E. P.*, 315 Or App 566, 570, 502 P3d 764 (2021). Considerations that inform the best interests inquiry include "(1) the strength of the bond between the parent and child; (2) whether severing that bond will help or harm the child; (3) the benefits to the child of terminating parental rights; and (4) the risk of harm to the child posed by termination." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022).

Having reviewed the record and made our own findings *de novo*, we conclude that father was unfit under ORS 419B.504 at the time of the termination trial. N was born prematurely, at 28 weeks gestation, and spent the first four months of her life in the neonatal intensive care unit. After she was discharged, she experienced significant neglect in her feeding, exposure to domestic violence, and significant physical abuse in parents' care, prior to the Oregon Department of Human Services (ODHS) removing N from their care in May 2022.[1] As a result of her early life experiences, N has suffered significant delays in her growth and development and has profound needs related to her mental, emotional, and behavioral health. There is clear and convincing evidence that, in particular, she needs caregivers who are attuned to her needs and can consistently provide routine and structure and ensure that her attachment to

---

[1] We agree with the juvenile court's determination that there was not clear and convincing evidence that father perpetrated the physical abuse of N.

them will not be disrupted, and that the consequences to N of not having her needs met are likely to be particularly dire.

We are also persuaded that the evidence establishes clearly and convincingly that father cannot consistently meet N's substantial needs. Although father participated in some services, including a parenting class and visits with N (many of which were positive), he struggled to consistently attend visits with N and engage with ODHS and service providers to better understand N's needs and how to meet them, up through the time of trial. In addition, the record demonstrates that father has not addressed his propensity for violence against both romantic partners and others. Moreover, the record demonstrates clearly and convincingly that father's conduct and conditions are not likely to change such that N could be safely reintegrated into his home within a period of time that is reasonable for N, given the evidence of father's engagement in services in the two and a half years between N's removal from his care and the termination trial.

Because we are persuaded that the evidence clearly and convincingly establishes grounds for terminating father's parental rights to N under ORS 419B.504, we need not reach father's assignments of error related to termination based on extreme conduct under ORS 419B.502 and neglect under ORS 419B.506. *Dept. of Human Services v. B. J. B.*, 242 Or App 534, 536, 256 P3d 167 (2011).

Finally, there is clear and convincing evidence that terminating father's parental rights is in N's best interests. Although N appeared to have some bond and familiarity with father during visits, N's mental health therapist and a psychologist who evaluated her believed her primary attachments were to her resource parents, with whom she has lived since she was removed from parents' care in May 2022 and who were also her prospective adoptive placement. N has made significant progress in her overall growth and development in the resource parents' care, and the record demonstrates that severing N's relationship with father would help ensure that her relationship with resource parents and her developmental progress continues.

Affirmed.